# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN E. GRIFFIN,

          Plaintiff,

v.

MICHAEL D. OVERMYER, et al.,

          Defendants.

Civil Action No. 16-21 (BJR)

ORDER ADOPTING REPORT AND RECOMMENDATION.

## I. INTRODUCTION

Currently before the Court is the Report and Recommendation (R&R) of Magistrate Judge Baxter (ECF 52), which recommends that the Court grant in part and deny in part Defendants' motion for partial summary judgment (ECF 45). After reviewing the R&R, Petitioner's objections (ECF 53), and the relevant filings and legal authorities, the Court ADOPTS Magistrate Judge Baxter's Report in its entirety.

Plaintiff Brian E. Griffin, acting *pro se*, brings this prisoner civil rights action against four corrections officers assigned to the State Correctional Institution at Forest ("SCI-Forest"): Sergeant Culver, Officer Adams, Officer Wood and Officer Moore; as well as SCI-Forest supervisory personnel J. Bertolini (Housing Unit Manager), Major Paul A. Ennis, Lieutenant Settnek, and Michael D. Overmyer (SCI-Forest Superintendent). ECF No. 27. Plaintiff claims that the defendant officers used excessive force against him in three discrete incidents in violation of his Eighth and Fourteenth Amendment rights and that the supervisory defendants violated his constitutional rights through their deliberate indifference to the potential for harm by failing to protect him and by failing to supervise and train subordinates.

The first incident began on August 29, 2015, at approximately 7:45 am when Plaintiff had a verbal altercation with Corrections Officer Sibble regarding grievance paperwork. The disagreement escalated into a physical confrontation, and Plaintiff began punching Sibble in the face, head, and chest. Silent video reveals that Sibble, with the help of Defendants Culver, Adams, and two other officers who arrived on the scene, restrained Plaintiff, lowered him to the floor, and pinned Plaintiff's arms behind his back. Plaintiff states that during this process, his airway was cut off for approximately 6-8 seconds by an officer's knee on his back. Plaintiff was handcuffed and shackled for transport to the medical unit.

Plaintiff's second assertion of harm arises out of the manner in which he was escorted to the medical unit. Video shows Defendants Moore and Woods escorting Plaintiff while he was bent over facing the ground, with his hands lifted and held behind his back. Plaintiff claims this position caused him to get dizzy and to stumble and black out. During the four minute walk to the medical unit, Plaintiff briefly dropped to his knees three times. After the third time, two officers picked up his legs to carry him the rest of the way. Other than being guided and carried, no force was used during the escort. In the medical unit, Plaintiff told the nurse that his wrists and neck hurt. He was examined, photographed, and determined not to require treatment.

Plaintiff's third assertion of harm arises out of his treatment in the medical unit. Plaintiff alleges that immediately before the exam, and out of view of any cameras, Defendants Moore and Woods punched him in the face. Plaintiff's testifies that he had his eyes closed when he was punched, but he believes Settnek "was right there" at the time. ECF No. 48-1, p. 33.

Defendants moved for summary judgment on all claims asserted against each of them, with the exception of the third incident of alleged excessive force asserted against Defendants Woods and Moore, which Defendants concede requires trial before a factfinder. (ECF 45.) The R&R

2

recommends granting the motion for partial summary judgment as to Defendants Culver, Adams, Overmyer, Ennis, and Bertolini, and terminating each of them from this action. The R&R further recommends granting partial summary judgment as to Plaintiff's Eighth Amendment claims against Defendants Settnek, Woods, and Moore for alleged excessive force, and failure to supervise, train, and/or protect, arising out of the manner in which Plaintiff was escorted to the medical unit. Finally, the R&R recommends that the motion for partial summary judgment be denied on behalf of Defendant Settnek as to Plaintiff's allegations of failure to supervise and protect arising out of the alleged assault in the medical unit.

When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

Plaintiff objects that Woods and Moore used excessive force when they transported him to the medical unit and when they punched him in the medical unit. As to the latter claim, Plaintiff misunderstands the R&R. Summary judgment for the excessive force claim arising out of the alleged punch was neither requested nor granted. The claim survives for trial.[1]

Having reviewed the video of the escort, the Court agrees with the R&R that no jury could find a constitutional violation in the way Plaintiff was carried to the medical unit. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." *U.S. Const. amend. VIII*;

---

[1] The Court also adopts the R&R's denial of summary judgment for Defendant Settnek related to this claim, as there is a factual dispute whether Settnek was present and failed to intervene or protect Plaintiff as he was allegedly punched by Woods or Moore.

*Whitley v. Albers*, 475 U.S. 312, 318–19 (1986). The United States Supreme Court has interpreted this prohibition to bar prison officials from using excessive force against inmates. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). The central inquiry to resolve a claim of excessive force requires a determination of "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In making this determination, inferences can be drawn by evaluating a number of factors: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Id. (citing Whitley*, 475 U.S. at 321); *see also Brooks v. Kyler*, 204 F.3d 102 (3d Cir. 2000). Additionally, *de minimis* uses of physical force do not qualify as excessive force unless the force is "repugnant to the conscience of mankind." *Brooks*, 204 F.3d at 107 (citing *Hudson*, 503 U.S. at 6). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.

Other than being guided and carried in this position, no force was used during the escort of Plaintiff to the medical unit. Defendants properly restrained Plaintiff during the escort because he had just assaulted a correctional officer. The use of force was minimal: officers handcuffed Plaintiff, bent him at the waist and escorted him by the arms, and carried his feet after he dropped to his knees for the third time. He was immediately evaluated by a nurse, who found no need for treatment. Summary judgment for Defendants was appropriate on this claim.

Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation [ECF 52];

4

(2) Defendants' Motion for Summary Judgment [ECF 45] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The Motion for Summary Judgment is **GRANTED** as to Defendants Culver, Adams, Overmyer, Ennis, and Bertolini. Each is dismissed from this action.

   b. The Motion for Summary Judgment is **GRANTED** as to Plaintiff's Eighth Amendment claims against Defendants Settnek, Woods, and Moore for alleged excessive force and failure to supervise, train, and/or protect arising out of the manner in which Plaintiff was escorted to the medical unit;

   c. The Motion for Summary Judgment is **DENIED** as to Defendant Settnek for failure to supervise and protect arising out of the alleged assault in the medical unit.

(3) The clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2017.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge