IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN E. GRIFFIN,

    Plaintiff,

        v.

LT. SETTNEK, OFFICER WOODS, and
OFFICER MOORE,

    Defendants.

16cv0021 Erie
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RELATED TO DEFENDANTS' OBJECTIONS
DOC. NOS. 69, 70, AND 74**

Before the Court are three sets of Objections raised by Defendants. Defendants' first set of Objections (doc. no. 69) is to the Court's Draft Final Jury Instructions. See doc. no. 66. Defendants' second set of Objections (doc. no. 70) is the Court's Draft Verdict Form. See doc. no. 67. Defendants' third set of Objections (doc. no. 74) is to Plaintiff's Witnesses. See doc. no. 42. Plaintiff filed a Response to Defendants' Objections to his Witnesses. Doc. no. 88.

These matters are now ripe for disposition.

**I. Defendants' Objections to the Court's Draft Final Jury Instructions – doc. no. 69**

    **A. Defendants' Objection to the Failure to Protect/Supervise Instruction**

Defendants argue that the Model Jury Instruction on "Failure to Protect and Supervise" should not be read to the jury in tis totality. Defendants suggest that the only evidence referenced by Plaintiff in his pretrial filings (and presumably the only evidence that will be presented at time of trial) will relate to the second prong of the Model Jury Instruction relating to an officer's failure to protect/supervise.

The Model Jury Instruction found in the Court's Draft reads as follows:

Failure to Protect/Supervise

Plaintiff contends that Defendant Settnek's subordinate, either Defendant Woods or Defendant Moore, violated Plaintiff's federal rights, and that Defendant Settnek should be liable for the conduct. If you find that Defendant Woods or Defendant Moore violated Plaintiff's federal rights, then you must consider whether Defendant Settnek caused his subordinate's conduct.

A supervisor is not liable for such a violation simply because he is the supervisor. To show that Defendant Settnek caused his subordinate's conduct, Plaintiff must show one of three things:

First: Defendant Settnek directed the subordinate to take the action in question;

Second: Defendant Settnek had actual knowledge of his subordinate's violation of Plaintiff's rights and he acquiesced in that violation; or

Third: Defendant Settnek, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation.

As I mentioned, the first way for Plaintiff to show that Defendant Settnek is liable for his suordinate's conduct is to show that Defendant Settnek directed his subordinate to engage in the conduct. Plaintiff need not show that Defendant Settnek directly, with his own hands, deprived Plaintiff of his rights. The law recognizes that a supervisor can act through others, setting in motion a series of acts by subordinates that the supervisor knows, or reasonably should know, would cause the subordinates to violate the plaintiff's rights. Thus, Plaintiff can show that Defendant Settnek caused the conduct if Plaintiff shows that either Defendant Woods or Defendant Moore violated Plaintiff's rights at Defendant Settnek's direction.

Alternatively, the second way for Plaintiff to show that Defendant Settnek is liable for his subordinate's conduct is to show that Defendant Settnek had actual knowledge of his subordinate's violation of Plaintiff's rights and that Defendant Settnek acquiesced in that violation. To "acquiesce" in a violation means to give assent to the violation. Acquiescence does not require a statement of assent, out loud: acquiescence can occur through silent acceptance. If you find that Defendant Settnek had authority over Defendant Moore or Defendant

Woods and that Defendant Settnek actually knew that one of the other Defendants was violating Plaintiff's rights but failed to stop him from doing so, you may infer that Defendant Settnek acquiesced in the subordinate's conduct.

Finally, the third way for Plaintiff to show that Defendant Settnek is liable for his subordinate's conduct is to show that Defendant Settnek, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the conduct. Plaintiff alleges that Defendant Settnek should have followed the prison's Use of Force and Inmate Abuse policies to prevent Defendant Woods or Defendant Moore from using excessive force against him.

To prove that Defendant Settnek is liable for his subordinate's conduct based on a failure to follow the established prison policies, Plaintiff must prove all of the following four things by a preponderance of the evidence:

First: Defendant Settnek's conduct in supervising his subordinates created an unreasonable risk that one of the subordinates would use excessive for against Plaintiff;

Second: that Defendant Settnek was aware that this unreasonable risk existed;

Third: that Defendant Settnek was deliberately indifferent to that risk;

Fourth: that the use of excessive force against Plaintiff resulted from Defendant Settnek's failure to follow the prison's established Use of Force and/or Inmate Abuse policies.

Defendants contend that based on Plaintiff's deposition and his submissions to date, the Court abbreviate and modify this instruction so that only the second prong ("[s]econd: Defendant Settnek had actual knowledge of his subordinate's violation of Plaintiff's rights and he acquiesced in that violation"), is presented to the jury. Defendants suggest the failure to protect/supervise instruction read as follows:

In this case, the Plaintiff is invoking the Second prong or way to show that Defendant Settnek is liable for his subordinate's conduct.

3

> The second way for Plaintiff to show that Defendant Settnek is liable for his subordinate's conduct is to show that Defendant Settnek had actual knowledge of his subordinate's violation of Plaintiff's rights and that Defendant Settnek acquiesced in that violation. To "acquiesce" in a violation means to give assent to the violation. Acquiescence does not require a statement of assent, out loud: acquiescence can occur through silent acceptance. If you find that Defendant Settnek had authority over Defendant Moore or Defendant Woods and that Defendant Settnek actually knew that one of the other Defendants was violating Plaintiff's rights but failed to stop him from doing so, you may infer that Defendant Settnek acquiesced in the subordinate's conduct.

Doc. no. 69, p. 3.

Although Defendants' proffered jury instruction is more succinct, at this juncture, the Court OVERRULES this Objection to the complete model jury instruction. The Court finds that the complete model jury instruction relating to the failure to protect and supervise should be read to the jury, which will be instructed to apply the facts as they find them to the law the Court provides. It is up to the jury what, if any, evidence supports the facts necessary to find that Defendant Settnek either: (1) directed the other Defendant(s) to take action, (2) had actual knowledge of the other Defendant(s) alleged violation of Plaintiff's rights and acquiesced in that violation, or (3) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation.

### B. A. Defendants' Objection to the Punitive Damage Instruction

Next Defendants object to the Court's inclusion of a punitive damage charge in the Draft instruction. Specifically, Defendants note that "punitive damages are only available when a defendant acts maliciously or wantonly in violating the plaintiff's rights." Doc. no. 69, p. 3. Defendant suggests that there will be no such evidence of malicious or wanton behavior presented at time of trial. Although such evidence seems unlikely to surface, Plaintiff is still

entitled to present any evidence he may possess to persuade the jury that Defendant(s)' alleged actions or inactions constitute malicious and/or wanton behavior.

The Court OVERRULES this Objection, without prejudice, to Defendants' raising this issue at the close of Plaintiff's evidence and/or after all evidence is presented at the trial.

**II. Defendants' Objections to the Court's Draft Verdict Form – doc. no. 70**

The Defendants' raised two objections to the Draft Verdict Form. The First Objection is that the punitive damages inclusion on the Draft Verdict Form should be excluded. The Court OVERRULES this Objection, without prejudice, to Defendants' raising this issue at the close of Plaintiff's evidence and/or after all evidence is presented at the trial, for the same reason set forth immediately above.

The second objection is that the compensatory damages inclusion on the Draft Verdict Form be excluded. The Court OVERRULES the Defendants' objection. The Court finds that its Draft Verdict Form adequately indicates that <u>if</u> the Jury finds that Plaintiff proved, by a preponderance of the evidence, that Defendant Woods or Defendant Moore used excessive force against him, only then are the Jury members to consider a compensatory damage award which must be at least one dollar ($1.00). Similarly, the Court finds that its Draft Verdict Form Form adequately indicates that <u>if</u> the Jury finds that Plaintiff proved prove, by a preponderance of the evidence, that Defendant Settnek showed a deliberate indifference to a substantial risk of serious harm to Plaintiff, only then are the Jury members to consider a compensatory damage award which must be at least one dollar ($1.00).

**III. Defendants' Objections to Plaintiff's Witnesses – doc. no. 74**

Defendants raised Objections to three of Plaintiff's witnesses providing testimony at time of trial. Those three witnesses were inmate John Passamore, Captain Carter, and Lieutenant Dickey. See doc. no. 74. Plaintiff filed a Response to these Objections. See doc. no. 88.

With respect to Inmate John Passamore, Defendants contend that he should not be permitted to testify because he was not present at the time of the incident – the punch Plaintiff allegedly sustained by a correctional officer while in the medical unit on August 29, 2015. In sum, Defendants argue that inmate John Passamore has no first-hand knowledge of the incident being tried.

In response, Plaintiff counters that inmate John Passamore will testify that there is "a pattern of abuse" at this Correctional Facility and will offer testimony about his own experiences where he was wrongly attacked by correctional officer(s). Plaintiff suggests that John Passamore's testimony is evidence of the officers' lack of training and discipline.

The question for the Court is one of relevance. The Court finds that Mr. Passamore does not have any first-hand knowledge of the incident which took place on August 29, 2015 – and this alleged incident is what gives rise to Plaintiff's claim and upcoming jury trial. Although Mr. Passamore did not witness the event in question, he may have encountered these same Defendants through his own alleged incidents at the facility.

In light of the uncertainty as to the particular details of Mr. Passamore's testimony, the Court will allow Mr. Passamore to be questioned outside the presence of the Jury, so that the Court may ascertain if any of his testimony is relevant to this proceeding. If the Court determines his testimony is completely irrelevant to this proceeding, he will not be permitted to

testify in the Jury's presence.  Conversely, if the Court finds that any portion of his testimony is indeed relevant to this proceeding, he will be permitted to testify, but his testimony will be limited to those matter(s) which the Court deems relevant.  Therefore, the Court DEFERS RULING on this Objection until Mr. Passamore can be questioned outside the Jury's presence.

With respect to Captain Carter and Lieutenant Dickey, Defendants argue that this testimony constitutes inadmissible hearsay.  Plaintiff's Response indicates that he wants these officers to testify as to what they told Plaintiff after they reviewed the video of the incident.  Given Plaintiff's response to Defendants' objection, the Defendants' objection is OVERRULED.

SO ORDERED, this 17th day of January, 2018.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record and

Brian Griffin (AS2054)
SCI Mahanoy
301 Morea Road
Frackville, PA 17932